<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KAEUN KIM,

               Plaintiff,

vs.

MARK ALI, et al.,

               Defendants.

Civil Action No. No. 2:23-CV-04059

(SDW) (JRA)

**OPINION**

February 23, 2024

**WIGENTON**, District Judge.

Before this Court are the three separate motions to dismiss Plaintiff's Complaint, (D.E. 1), filed by Defendants, Judge Mark Ali, (D.E. 14), Prudential Financial ("Prudential"), Prudential employee, Robert Buhrmeister, (D.E. 17), and Assistant Prosecutor Mira Ohm ("AP Ohm"), (D.E. 31.)  The motions to dismiss are filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Additionally, before this Court is Prudential's motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11.  (D.E. 42.)[1]  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendants' motions to dismiss are **GRANTED** and Prudential's motion for sanctions is **DENIED.**

---

[1] Plaintiff also filed an Emergency Motion to Exclude Magistrate Judge Almonte from this case. (D.E. 59.)  Based on the Court's decisions herein, the Motion to Exclude is hereby rendered moot.

## I.   **BACKGROUND**

Plaintiff was affiliated with Prudential as a Financial Professional until his association was terminated on April 12, 2018.  (D.E. 1 ¶ III.13.B.)  Given the nature of his termination, he was told he was not permitted to enter any Prudential building.  The next day, Plaintiff entered the lobby at Prudential's headquarters and told security that he had an appointment with the Chief Executive Officer. (*Id.* ¶ III.13.C.)  He was given a visitor's pass and granted entry to the CEO's floor but before reaching the office he was stopped by security and escorted back down to the lobby where he repeatedly insisted that he wanted to speak with Prudential executives and refused to return the visitor's pass.  Newark Police was called to the scene and Plaintiff was arrested.  Plaintiff was later indicted by a grand jury on August 31, 2018, for two counts of fourth-degree stalking in the Superior Count of New Jersey, Essex County for his alleged conduct on April 13th 2018.  The charges were later amended to harassment and trespass.  (D.E.31-1 at 13 & 15.)  The criminal case is still pending in state court, Defendant Judge Ali presiding.

Since his arrest, Plaintiff has brought numerous civil actions against Prudential, Prudential employees and agents, and government officials, including prosecutors and judges.  For example, in October 2019, Plaintiff sued Prudential and four of its employees alleging wrongful termination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. *See e.g., Kim v. Prudential Financia*l, No. 19-19594, 2020 WL 2899259 (D.N.J. June 3, 2020) (SDW).  Plaintiff filed a second civil action in this District on December 19, 2019 against Prudential, two of its executives, and a government prosecutor, alleging a violation of Section 1983 and malicious prosecution.  *See Kim v. Giordano*, No. 19-21564, 2020 WL 2899498, at *4 (D.N.J. June 3, 2020) (SDW).  There, Plaintiff alleged that he was wrongfully arrested, falsely and maliciously accused of wrongdoing, and maliciously indicted and prosecuted based on insufficient,

inadequate, and incomplete evidence.  On June 3, 2020, this Court dismissed both actions holding that the Prudential defendants were not state actors for purposes of Section 1983 and that Plaintiff's malicious prosecution claim could not stand because his criminal court action was still pending. *Id.*

In March 2021, Plaintiff took his complaints to the Southern District of New York where he filed a third civil action against two Prudential executives, one Prudential employee, and various government/judicial defendants.  He again asserted a violation of Section 1983, claiming false arrest, malicious prosecution, obstruction of justice, fabrication of evidence, and obstruction of due process and cited violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  As to the Prudential defendants, the primary allegations were that Prudential had a conflict of interest with the prosecutor and court, that Prudential security illegally arrested him, and that Prudential fabricated surveillance videos.  On October 28, 2021, the court granted the motion to dismiss finding that the Prudential defendants did not qualify as state actors and that the complaint was barred under the *res judicata* doctrine.  *See Kim v. Stephens*, No. 21 Civ.2500, 2021 WL 4993061 (S.D.N.Y. Oct. 27, 2021).  Plaintiff appealed that dismissal to the Second Circuit Court of Appeals, which affirmed the dismissal on October 17, 2022.  *See Kim v. Saccento*, No. 21-2865, 2022 WL 9583756 (2d Cir. Oct. 17, 2022).  Plaintiff filed a petition for a writ of certiorari to the U.S. Supreme Court, which denied Plaintiff's petition on April 17, 2023.  *See Kim v. Saccento*, 143 S. Ct. 1750 (2023).

Plaintiff initiated the present action on July 27, 2023 under Section 1983 against Prudential and Prudential employee Robert Buhrmeister, along with Judge Mark Ali and AP Ohm.  He resurrects all prior claims including that Defendants engaged in false arrest, false accusations, proffering of fabricated evidence, and malicious prosecution all in violation of his Fourth, Fifth,

Sixth, and Fourteenth Amendment rights.  (D.E. ¶ III.C.14.)  Specifically, Plaintiff asserts that Prudential and Robert Buhrmeister allegedly violated his constitutional rights when they contacted Newark Police to remove him from the property and pursued charges of stalking and harassment against him.  Plaintiff alleges that Judge Ali violated his constitutional rights by ignoring his "request to investigate security camera footage from the building where Plaintiff was alleged to have trespassed on, despite Plaintiff's insistence that the footage [was] falsified, and [by allowing] a malicious prosecution to continue without any factual basis to support Plaintiff's arrest." (*Id.*)  With respect to AP Ohm, Plaintiff alleges that "members of the Essex County Prosecutor's Office . . . acted wrongfully by falsely accusing [Plaintiff], fabricating evidence, and maintain[ing] the malicious prosecution for 5 years and 4 months." (*Id.*)  The Complaint seeks dismissal of the criminal charges pending against him, monetary damages, and an investigation into the actions of Defendants.  Defendants separately filed the instant motions to dismiss which the Court has consolidated herein.  Briefing for each motion to dismiss was timely completed.  (D.E. 14, 17, 19, 27, 28, 31, 36, 38, and 39.)

## II.   <u>STANDARD OF REVIEW</u>

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) at any time.  Fed.R.Civ.P. 12(b)(1).  "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction."  *New Jersey Prot. & Advoc., Inc. v. New Jersey Dep't of Educ.*, 563 F. Supp. 2d 474, 479 (D.N.J. 2008) (citing *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424, 438 (D.N.J.1999).  "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint."  *Id.* at 480 (citing *Iwanowa*, 67 F.Supp.2d at 438).  "Under this standard, 'no presumptive truthfulness attaches to plaintiff's

allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims.'" *Id.* (quoting *Pashun v. Modero*, No. 92–3620, 1993 WL 185323, at *2 (D.N.J. May 26, 1993)).

When considering a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 23 (3d Cir. 2008) (citation omitted). For a complaint to be adequate, it must be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*; *see also Phillips*, 515 F.3d at 232. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169–70 (3d Cir. 2013).

## III.   DISCUSSION

As stated at the outset, although the defendants each filed separate motions to dismiss, because the motions share a similar basis for dismissal, the motions have been consolidated herein.

### a.   Judge Ali

Judge Ali is presiding over the criminal proceedings against Plaintiff that are pending in New Jersey state court. (D.E. 14-1 at 5.) Plaintiff alleges that Judge Ali violated his civil rights by denying discovery requests and allowing the criminal proceeding to continue despite Plaintiff's objections and claims that the evidence used against him has been fabricated.

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (per curiam) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id.*; *see Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly").

Judge Ali is well within his jurisdiction to rule on discovery and evidentiary motions in a case for which he presides over thus Judge Ali's rulings are "judicial acts." Further, denying Plaintiff's requests to dismiss criminal charges because Plaintiff objects to the authenticity of the evidence against him does not make Judge Ali's rulings malicious or corrupt. Criminal charges are not dismissed simply because the defendant objects to the Government's evidence. Indeed, the quintessential goal of a criminal trial is that a jury evaluate and give weight to the evidence presented against the accused. *See e.g., Hopper v. Evans*, 456 U.S. 605, 611 (1982) (discussing the jury's responsibility to "convict a defendant of any crime fairly supported by the evidence"). Judge Ali is entitled to judicial immunity on all claims against him; to say otherwise would upset the very purpose of judicial immunity. Consequently, this Court lacks subject matter jurisdiction over these claims and so they must be dismissed with prejudice.

### b. Robert Buhrmeister

Robert Buhrmeister is a current employee of Prudential. Plaintiff attempted to serve Buhrmeister by delivering the summons and Complaint first to Prudential's agent, CT Corp., and

second to an administrative assistant within Prudential's legal department.  (D.E 17-1 at 13.)

Federal Rule of Civil Procedure 4(e) requires plaintiffs to mail or deliver the summons and

complaint to defendant's "dwelling or usual place of abode."  Similarly, under New Jersey law, a

summons and complaint must be served to the individual personally or by leaving a copy at the

individual's "dwelling place or usual place of abode" with a competent member of the household

who is at least fourteen years old or with an authorized agent. New Jersey Court Rule 4:4–4(a);

*see Wohlegmuth v. 560 Ocean Club*, 302 N.J.Super. 306, 309, 695 A.2d 345 (App.Div.1997)

("Even if defendant were a partner of [the business], our court rules do not permit service of

process on him by serving a secretary employed by the partnership, unless the secretary was

authorized to accept service on [the] defendant's behalf"*); see also Berger v. Paterson Veterans

Taxi Service*, 244 N.J.Super. 200, 202–203, 581 A.2d 1344 (App.Div.1990)*.  As CT Corp., and

the administrative assistant are neither a member of Buhrmeister's household or his authorized

agents, service of process was insufficient.  Pursuant to Federal Rule of Civil Procedure 12(b)(5),

claims against Robert Buhrmeister are dismissed.

      *c.  Prudential*

    With respect to Prudential, by serving the summons and Complaint to Prudential's agent, CT

Corp., Plaintiff did properly serve Prudential.  *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d

428, 436 (D.N.J. 2015) ("New Jersey Court Rule 4:4–4(a)(6) allows for in personam jurisdiction

over a corporate defendant by personal service within the state upon an authorized agent of the

corporation.").  However, the claims against Prudential are time-barred.

    Plaintiff's claims arise under Section 1983 which provides a federal cause of action but has no

statute of limitation of its own. Therefore, federal courts look to the statute of limitations for

personal injury torts of the state in which the cause of action arose. *See Wallace v. Kato*, 549 U.S.

384, 387 (2007).  Here, the events giving rise to the cause of action occurred in New Jersey which

has a two-year statute of limitations.  *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.

2010).  As Plaintiff's claims are for events that occurred in April 2018, and his Complaint was not

filed until July of 2023, he missed his filing deadline by over three years.

This Court finds no basis to apply equitable tolling[2]  because Plaintiff has not established that

he was tricked or otherwise induced into missing the filing deadline.  Further, Plaintiff has not

alleged an extraordinary event that prevented him from asserting his rights.

Importantly, Plaintiff has brought the same claims, privity parties, and cause of action from

the events that occurred in 2018 before this Court twice and twice this Court has dismissed the

complaint for failure to state a cognizable claim.[3]  Therefore, not only are the claims against

Prudential time-barred, but also all of the claims and issues against it are barred by the doctrine of

*res judicata* and collateral estoppel.  *See Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir.

2010) ("*Res judicata*, also known as claim preclusion, bars a party from initiating a second suit

against the same adversary based on the same "cause of action" as the first suit."); *see also Jean*

*Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (The Third Circuit

held  that collateral estoppel applies when: (1) the identical issue was previously adjudicated; (2)

the issue was actually litigated; (3) the previous determination was necessary to the decision; and

(4) the party being precluded from relitigating the issue was fully represented in the prior action.)

Further, even if the claims were not time-barred or barred by *res judicata* and collateral

estoppel, dismissal is still necessary because neither Prudential nor its employees are "state actors"

---

[2] New Jersey courts have found the doctrine of equitable tolling of the statute of limitations to apply in the following situations: (1) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass; (2) where a plaintiff has in some extraordinary way been prevented from asserting his rights; and (3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (App. Div. 2002).
[3] *See supra* p. 1.

under the meaning of Section 1983 and Plaintiff has not alleged any facts to the contrary.  *See* 42

U.S.C. § 1983; *see also Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019)[4]

       *d.   Assistant Prosecutor Mira Ohm*

    Plaintiff alleges that the prosecutor's office, via AP Ohm, violated his constitutional rights

through continued and malicious prosecution and the use of fabricated evidence.  *Res judicata* and

collateral estoppel equally apply here because Plaintiff filed the same claims arising from the same

set of events against the same prosecutor's office in *Kaeun Kim v. Giordano*. *See* No. 19-21564,

2020 WL 2899498 * 2 (D.N.J. June 3, 2020).  Even if these claims were not precluded, the claims

are clearly not ripe for litigation and must be dismissed.

    "'To support an action for a malicious criminal prosecution the plaintiff must prove' that the

'prosecution . . . finally terminated in his acquittal.'" *Id.* (quoting *Wheeler v. Nesbitt*, 65 U.S. (24

How.) 544, 549, 16 L.Ed. 765 (1860).  "Favorable termination is (and always has been) a necessary

element of a malicious prosecution claim, since the enactment of Section 1983 in 1871."  *Garrett*

*v. Murphy*, 17 F.4th 419, 428 (3d Cir. 2021).  Similarly, for a fabrication of evidence claim, the

underlying criminal case must reach a final judgment in order for a plaintiff to establish that the

alleged fabricated evidence had or could have had an influence on the outcome of the case.[5]

    Plaintiff's criminal matter is still pending, and he is therefore unable to support a claim of

malicious prosecution or fabrication of evidence.  Consequently, the claims against AP Ohm must

---

[4] The Supreme Court held that a private entity could qualify as a state actor in a few limited circumstances: (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity.  Plaintiff has not alleged any facts that would satisfy this "private entity acting as a state actor" standard.

[5] *See Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (holding that a fabricated evidence claim could proceed after a plaintiff was convicted at trial); *see also Black v. Montgomery Cnty.*, 835 F.3d 358, 370 (3d Cir. 2016), as amended (Sept. 16, 2016) (holding that a fabricated evidence claim would be viable even if a plaintiff was acquitted).

be dismissed.  This Court need not reach the question of the applicability of prosecutorial immunity

at this time although, based solely on the Complaint, prosecutorial immunity applies.[6]

## IV.    **MOTION FOR SANCTIONS**

In addition to the motions to dismiss, Prudential also filed a motion for sanctions against

Plaintiff pursuant to Rule 11.

Rule 11(b) requires parties and their attorneys to certify that their filings have evidentiary

support and are based on a reasonable inquiry. Fed. R. Civ. P. 11(b).  Rule 11(c) allows courts to

impose an "appropriate sanction," for violations of Federal Rule of Civil Procedure 11(b). Fed. R.

Civ. P. 11(c).   Rule 11 sanctions are intended to deter frivolous complaint filings and motions to

prevent misuse of judicial resources.  *See Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857,

F.2d 191, 194 (3d Cir. 1988).  The obligations of Rule 11 equally apply to *pro se* plaintiffs, but

courts are encouraged to "consider mitigating factors in fashioning sanctions, most particularly the

sanctioned party's ability to pay." *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005) (internal

citations omitted); *see Huertas v. Transunion, LLC*, No. 08-244 (JBS), 2010 WL 1838410, at *3

(D.N.J. May 6, 2010).

Plaintiff has initiated four lawsuits against Prudential, its employees, judges, and the

prosecutor's office.  This includes the instant action, two prior actions before this Court and, a

dismissal in the Southern District of New York.  Plaintiff also pursued his claims on appeal to the

Second Circuit Court of Appeals (which affirmed the Southern District's dismissal) and filed a

---

[6] "The basic premise behind the immunity doctrine is that prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011); see *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976).  Courts follow a two-step analysis to determine if the immunity applies.  Courts must first "ascertain just what conduct forms the basis for the plaintiff's cause of action," and then "it must [] determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.*  "The first stage "focuses on the unique facts of each case and requires careful dissection of the prosecutor's actions."  Here, Plaintiff's only claims against Defendant Ohm relates to his prosecution in the pending case in New Jersey criminal court.  He alleges that Defendant Ohm wrongfully maintained the malicious prosecution for over 5 years and proffered fabricated evidence. The facts fall squarely in line with AP Ohm's role as a prosecutor.

writ of certiorari to the United States Supreme Court.[7]  At all times, Plaintiff's criminal action remains pending in state court.  Plaintiff operates under the wrongful impression that he can halt criminal state proceedings by pursuing civil claims in federal court.  Further, evidenced by his filing of many motions to compel, Plaintiff appears to be urging discovery through his civil suits presumably to be used to his advantage in the criminal case.  Not only are Plaintiff's filings superfluous, but they are also frivolous and have caused a strain on judicial resources and the defendants' time and financial resources each time they are hauled into federal court for meritless or unripe claims.

Plaintiff's repeated practice of filing meritless claims and motions demonstrates that some financial sanction may be a necessary deterrent.  However, the request for sanctions will be denied without prejudice at this time.  Plaintiff is cautioned that should these filings persist, the request for sanctions may be renewed for consideration by this Court.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motions to dismiss the Complaint are **GRANTED.**  Additionally, Prudential's motion for Rule 11 sanctions is **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
          Jose R. Almonte, U.S.M.J.

---

[7] *Kim v. Prudential Financial*, No. 19-19594, 2020 WL 2899259, at *2 (D.N.J. June 3, 2020) (Wigenton, J.); *Kim v. Giordano*, No. 19-21564, 2020 WL 2899498, at *4 (D.N.J. June 3, 2020) (Wigenton, J.); *Kim v. Stephens*, No. 21 Civ. 2500, 2021 WL 4993061, at *2 (S.D.N.Y. Oct. 27, 2021); *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *2 (2d Cir. Oct. 17, 2022); and *Kim v. Saccento*, 143 S. Ct. 1750 (2023) (writ denied).